KANSAS CITY, M. & O. RY. CO. v. SHUTT.

No. 16.      Opinion Filed May 12, 1909.

(104 Pac. 51.)

1.   ASSIGNMENTS—Rights of Action—For Tort. A cause of action in favor of the owner of personalty, on account of the wrongful destruction of such property by fire, against the wrongdoer, is not assignable.

2.   ASSIGNMENTS—Rights of Action—Conversion of Personalty. A cause of action in favor of the owner of personalty, against a party wrongfully taking and converting the same to his use, is assignable.

3.   INSURANCE—Subrogation—Actions—Parties. Where an insurance company pays to the assured a loss occasioned by the wrong of a third party, and the value of the property destroyed by the fire exceeds the amount paid by the insurance company, the assured may bring an action in his own name against the wrongdoer, and recover the full amount of the loss.

4.   ACTION—Liability—Divisibility. An action for a tort, or based upon a wrongful act, is single and indivisible, and gives rise to but one liability.

5.   APPEAL AND ERROR—Presentation and Reservation of Grounds of Review—Questions Not Presented Below. The question of misjoinder of parties, or of causes of action, or of defect of parties, must be properly taken advantage of in apt time in the trial court, or the same will be treated as waived in the Supreme Court.

(Syllabus by the Court.)

*Error from District Court, Woods County; J. L. Pancoast, Judge.*

Action by Franklin Shutt against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiff. Defendant brings error. Affirmed.

On the 26th day of December, 1903, the defendant in error, Franklin Shutt, and the St. Paul Fire & Marine Insurance Company, as plaintiffs, began in the district court of Woods county, Okla. T., an action against the plaintiff in error, the Kansas City, Mexico & Orient Railway Company, as defendant, declaring on an action for damages on account of the alleged destruction of a barn, grain, and other property of said Franklin Shutt, by a fire negligently set out from a locomotive engine by the employes of said defendant. It is further alleged that on the 20th day of July, A. D. 1903, at the time said loss occurred, an insurance policy issued by said insurance company in favor of said Shutt was in force covering said property; that said insurance company adjusted said fire loss, and paid to said Shutt as a result of said adjustment the sum of $275.11 in settlement thereof; that said Shutt, in consideration of said sum of money paid in settlement of said fire loss, assigned and set over to said St. Paul Fire & Marine Insurance Company all right to recovery to the extent of such payment for the loss sustained thereby. On the 11th day of February, 1904, the defendant demurred to the petition on the grounds: (1) Defect of parties plaintiff; (2) misjoinder of causes of action; (3) facts stated did not constitute a cause of action. On April 25, 1904, said demurrer as to the insurance company was sustained, exceptions being saved, and overruled as to said Franklin Shutt, and exceptions saved. On the 13th day of May, 1904, the defendant answered by a general denial and pleading contributory negligence.

On October 27, 1904, the plaintiff Franklin Shutt filed an amended petition in his name, not joining the insurance company, the same as the original petition; with the exception that he declared for damages in the sum of $612.50, and also for an additional sum of $100 as attorney's fees. On November 21, 1904,

defendant filed a motion to dismiss, on the ground of a departure from the original action, which does not appear from the record to have been acted upon. On June 1, 1905, the defendant filed its answer to the amended petition, consisting of a general denial and pleading contributory negligence. On the same day the plaintiff filed his reply. Trial was had, and verdict rendered in favor of the plaintiff for the sum of $231.74. On motion for a new trial the verdict was set aside.

By order of court the action was reinstated as to the St. Paul Fire & Marine Insurance Company, and a second amended petition was allowed to be filed, and on November 28, 1905, such petition was filed in behalf of said Franklin Shutt and the St. Paul Fire & Marine Insurance Company against said defendant, declaring for damages in the sum of $612.50 and $100 attorney's fees. On January 1, 1906, defendant filed its motion to require the plaintiffs to separately state and number the different causes of action stated in the second amended complaint.

On the 3d day of May, 1906, the third amended petition was filed, being styled "Franklin Shutt and the St. Paul Fire & Marine Insurance Company, a Corporation, Plaintiff, v. Kansas City, Mexico & Orient Railway Company, Defendant," a portion of which recites: "Now comes the above-named plaintiff Franklin Shutt, and by leave of court heretofore granted, files this his amended petition in the above-entitled action, and for cause of action against the above-named defendant alleges," etc., and closes with the prayer: "Wherefore said plaintiff demands judgment in his favor and against the said defendant for the sum of $612.50, together with $100 attorney fees, and the costs of this suit," etc. On May 15, 1906, the defendant filed its answer, consisting of a general denial and plea of contributory negligence, and that said cause of action had for value been transferred to said insurance company prior to the institution of the action, and that the plaintiff was not the real party in interest. On December 4, 1906, reply was filed, and the cause was tried on the issues joined before a jury on the 6th day of December, 1906, and verdict ren-

dered in favor of the plaintiff for $571.61. A motion for a new trial was filed in due time, and overruled.

Exhibit C, attached to the original petition in this case, which purports to be a copy of the original, is in words and figures as follows:

"The St. Paul Fire & Marine Insurance Company having paid to me this day the sum of two hundred seventy-five & 11/100 dollars in settlement of any claim against said company for loss by fire occasioned by spark from a passing locomotive on the Kansas City, Mexico & Orient R. R. I hereby assign and set over to the said St. Paul Fire & Marine Insurance Company all my right of recovery, to the extent of such payment, for loss resulting therefrom. (Signed) Franklin Shutt."

On cross-examination of the plaintiff Franklin Shutt, the original petition, together with the exhibits thereto attached, was offered in evidence, to which the plaintiff objected as being incompetent, irrelevant, and immaterial, and not proper cross-examination, and not being the petition upon which the trial of the case was being had, and not binding upon the plaintiff in that trial, which objection was sustained, exceptions being saved. The witness then was asked if at any time he had executed an assignment of his rights, as against the defendant, to the St. Paul Fire & Marine Insurance Company, to which the plaintiff objected for the reason that it was incompetent, etc., and further that it was not the best evidence, which objection was overruled, and the witness answered that he had, so far as their money covered the damages. The witness stated that he did not know where the original assignment that he had executed was, and there was no predicate laid for the introduction of secondary evidence of its contents.

*John A. Eaton* and *Dudley W. Eaton,* for plaintiff in error, citing: *Houston Direct Navigation Co. v. Insurance Co. of North America* (Texas Civil Appeals), 31 S. W. 560-685; *Swarthout v. Chicago & N. W. Ry. Co.,* 49 Wis. 625, 6 N. W. 314; *Sims v. Mutual Fire Insurance Co.,* 101 Wis. 586, 77 N. W. 908; *Fairgrieve v. Marine Ins. Co.,* 94 Fed. 686; *St. Louis, A. & T. R. R. Co. v.*

*Fire Association,* 60 Ark. 325, 30 S. W. 350, 28 L. R. A. 83; *Atchison, Topeka & Santa Fe Ry. Co. v. Home Ins. Co.,* 59 Kan. 432, 53 Pac. 459; *C., B. & Q. R. R. Co. v. German Ins. Co.,* 2 Kan. App. 395; Harris on Subrogation, sections 606 and 607, 27 American & English Ency. of Law, page 260, and cases cited; *People's Natural Gas Co. v. Fidelity T. & T. Co.,* 150 Pa. 8.

*W. M. Keith* and *Harris & Harris,* for defendant in error, citing: 4 Cooley's Briefs on Law of Insurance 3893 *et seq.,* and cases cited; *Harding v. Townsend,* 43 Vt. 536; *Propeller v. Gilbert,* 17 Howard U. S.) 152; *In re Harris,* 57 Fed. 247; *Hessar v. Johnson* (Okla.) 74 Pac. 320; *Railroad v. Blaker,* 68 Kan. 245; *Hall v. Railroad,* 13 Wallace, 367; *Continental Ins. Co. v. H. M. Load & Sons,* 93 Mich. 139; *Anderson v. Miller,* 96 Tenn. 35; *Railroad Co. v. Commercial Union, etc.,* 139 U. S. 223.

WILLIAMS, J. In this case the alleged assignment to the insurance company purported to cover only that portion of the loss paid the assured (assignor) by the assurer.

Section 4224 (Code Civ. Proc. § 26) Wilson's Rev. & Ann. St. Okla. 1903, was borrowed from Kansas. Section 4103, (Code Civ. Proc. § 26) Gen. St. Kan. 1889 (Gen. St. Kan. 1868, c. 80, § 26). At the time said section was adopted by the Legislature of Oklahoma Territory, section 4516, Gen. St. Kan. 1889 (Code Civ. Proc. § 420), provided:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and that the action may be brought, notwithstanding the death of the person entitled or liable to the same." (Gen. St. Kan. 1868, c. 80, § 420.)

See, also, section 4609 (Code Civ. Proc. § 411) Wilson's Rev. & Ann. St. 1903. Section 4226 (Code Civ. Proc. § 28) Wilson's Rev. & Ann. St. Okla. 1903, was also taken from Kansas. Section 4105 (Code Civ. Proc § 28) Gen. St. Kan. 1889 (Gen. St. Kan. 1868, c. 80, § 28).

In the case of *Kansas Midland Ry. Co. v. Brehm,* 54 Kan. 755, 39 Pac. 690, which involved the assignment under said statute of right of action against a party for wrongfully destroying property by fire, the court said:

"The general doctrine, both at law and in equity, is that the right of action for a pure tort is not the subject of assignment. This rule has been changed to some extent by statute, and the provisions with reference to what choses in action will survive or abate by the death of either or both of the parties have been held to modify this rule, so that everything which survives and can be transmitted to the executor or administrator of the assignor, in case of death, is assignable. *Smith v. Railroad Co.,* 28 Barb. (N. Y.) 605, and cases cited. Sections 420 and 421 of our Code (Wilson's Rev. & Ann. St. 1903, §§ 4618, 4619), prescribe what actions may survive to the personal representatives of the party in case of his death, and if these provisions stood alone, it might, perhaps, be said that the Legislature intended to modify the common-law rule so that all rights of action which survive might pass by assignment. Such provisions have been held to have the effect in other states. We have another provision, however, adopted at the same time, which clearly indicated a legislative intent to restrict the assignment of choses in action to those arising out of contract. In section 26 of the Code (section 4224) it is provided that 'every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 28; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract.' Evidently this provision recognizes the limitation which existed at common law when the Code was adopted, and, inferentially at least, provides that a chose in action arising out of a pure tort is not assignable. To meet the objection that a right of action arising out of torts of this character is not assignable defendant in error relies upon *Stewart v. Balderston,* 10 Kan. 131. While some of the language of the opinion in that case might seem to warrant the view taken by the defendant in error, it is manifest that the case cannot be regarded as an authority that a right of action arising out of a tort is assignable. The subject-matter of that action was a claim for money wrongfully taken; but, as the party injured in such a case can waive the tort and sue as upon an implied contract (*Challiss v. Wylie,* 35 Kan. 506, 11 Pac. 438), and as there was an implied agreement to pay the money, it was treated as a

chose in action arising out of a contract, and was therefore assignable. Shortly afterwards the same subject was under consideration, when it was said: 'At common law no chose in action was negotiable, or even assignable. In equity every chose in action, except a tort, was assignable; but it was assignable subject to all equities that might be set up against it. Under our statutes every chose in action is assignable except a tort, the same as it was in equity. Code Civ. Proc. § 26.' *McCrum v. Corby,* 11 Kan. 464, 470."

It may be insisted that section 4163 (chapter 65, art. 6, § 146) Wilson's Rev. & Ann. St. 1903, which provides that:

"A thing in action arising out of the violation of a right of property, or out of an obligation may be transferred by the owner. Upon the death of the owner, it passes to his personal representatives, except where, in the case provided by law, it passes to his devisees or successors in office"—

renders an action, growing out of a tort pure and simple, assignable. But when we consider said section in connection with the provisions of section 4224, *supra,* wherein it is provided that said section shall not be deemed to authorize the assignment of a thing in action not arising out of a contract, such contention seems to be ill founded, especially in the light of the case of the *Kansas Midland Ry. Co. v. Brehm, supra.* These two sections are construed together, and, section 4224 being taken from Kansas, the decisions of the Supreme Court of that state construing said section, even after its adoption here, should at least be persuasive. We conclude that an action growing out of a tort pure and simple, like the one involved in this case—the destruction of property by fire alleged to have been wrongfully set out—is not assignable. We take it that section 4163, *supra,* in view of sections 4224 and 4609, *supra,* covers actions growing out of contracts, or arising out of violations of rights of property, where such violation partakes, not only of the nature of a tort, but also of an implied contract, being in the nature of *assumpsit,* as, for instance, the unlawful taking and conversion of money or of other personalty to one's use, as in the case of *Stewart v. Balderston,* 10 Kan. 131, which was an action based on a claim for money wrongfully taken and

converted. The right of action growing out of this character of torts not being 'assignable, under this assignment the insurance company could not have maintained an action in its own name on said assignment. Such an action on such assignment would have to be brought in the name of the assignor for the use and benefit of the assignee.

In the case of *Kansas City, Ft. Scott & Memphis R. Co. v. Blaker et al.*, 68 Kan. 244, 75 Pac. 71, 64 L. R. A. 81, the court said:

"It is contended here that the evidence did not establish a right of action in B. F. Blaker & Co., and that the court erred in not sustaining the railroad company's demurrer to the evidence. The fact that the insurance company was not a party plaintiff is the principal ground of this contention. The claim is that, as the insurance company had paid the greater part of the loss, it was a proper party, and, in fact, the only real party in interest in the result of the action. This question has already received the consideration of the court, and sanction has been given to the rule that where the value of the property destroyed exceeds the insurance money paid, the action must be brought in the name of the owner, and not in the name of the insurance company. *Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459. The rule proceeds on the theory that the insured sustains toward the insurer the relation of trustee, and is well supported by the authorities. *Norwich Union Fire Ins. Co. v. Standard Oil Co.*, 59 Fed. 984, 8 C. C. A. 433; *Aetna Insurance Co. v. Hannibal & St. Joseph R. R. Co.*, 3 Dill. (C. C.) 1, Fed. Cas. No. 96; *London Assurance Co. v. Sainsbury*, 3 Doug. 245; *Rockingham Mut. Fire Ins. Co. v. Bosher*, 39 Me. 253, 63 Am. Dec. 618; *Hart v. Railroad Corp.*, 13 Metc. (Mass.) 99, 46 Am. Dec. 719; *Conn. Mutual Life Ins. Co. v. N. Y. & N. H. R. R. Co.*, 25 Conn. 265, 65 Am. Dec. 571; *St. Louis, I. M. & S. Railway Co. v. Commercial Ins. Co.*, 139 U. S. 223, 11 Sup. Ct. 554, 35 L. Ed. 154; *Marine Ins. Co. v. St. Louis, I. M. & S. Ry. Co.* (C. C.) 41 Fed. 643. The rule stated is applicable here, as the value of the property destroyed exceeded the amount paid by the insurance company. In addition to the rule of law which holds the insured in such cases chargeable as trustee, there was a specific agreement between the insured and the insurance company that the former should act and account in the capacity of a trustee for the insurance company, and the

recovery would necessarily conclude both parties, and effectively bar any other or further recovery against the railroad company for the loss."

In this case the alleged assignment to the insurance company covered only that portion of the total loss as was paid to the assignor by the insurance company. It is well settled that the wrongful act by the defendant company in the burning of the barn, etc., was single and indivisible, and gives rise to but one liability. *Aetna Insurance Co. v. Hannibal & St. Joseph R. Co.,* 3 Dill. 2, Fed. Cas. No. 96; *Hesser v. Johnson,* 13 Okla. 53, 74 Pac. 320. See, also, *Chicago, etc., v. Pullman, etc.,* 139 U. S. 79, 11 Sup. Ct. 490, 35 L. Ed. 97; *Pennsylvania v. Mannheim* (D. C.) 56 Fed. 303; *Southern Bell Telephone Co. v. Watts,* 66 Fed. 464, 13 C. C. A. 579; *Sun. Mut. Fire Ins. Co. v. Mississippi Valley Co.* (C. C.) 17 Fed. 923; *In re Harris,* 57 Fed. 247, 6 C. C. A. 320; *Hall v. Railroad,* 13 Wall. 367, 20 L. Ed. 594. Hence. it appears that in any event, whether as assignor of the alleged claim, or whether as subrogated to the rights of the assured, the plaintiff Franklin Shutt was a proper party plaintiff. As the assured he was the trustee for the assurer for whatever amount was paid by it to him under said policy. With the matter of adjustment or settlement between them the defendant had no concern. If the assurer did not elect to intervene and have the amount awarded to it in that action, but preferred to await the result of the action, relying upon an accounting with the assured as to its subrogated rights, that could not prejudice the plaintiff in error. Further, if the assured executed the assignment as alleged, he was a proper party to prosecute the suit for himself, and also for the use and benefit of the insurance company, as the action was single and indivisible, not being separable.

The defendant in its answer insisted that the entire action had been assigned. There was no evidence offered to that effect. The only attempt made tended to show an assignment *pro tanto;* but in no event is the plaintiff in error in an attitude to complain. When the original petition was filed, the plaintiff Franklin

Shutt and the St. Paul Fire & Marine Insurance Company were joined as plaintiffs.   Defendant then insisted that there was a defect of parties plaintiff, which contention was sustained.   In the last-amended petition the insurance company is joined in the caption as a· coplaintiff with Franklin Shutt and the relief prayed for is solely in behalf of Franklin Shutt.   Under any contingency the plaintiff Franklin Shutt is a proper plaintiff to recover in this action, and, the insurance company being joined therein, under the record in this case the plaintiff in error is amply protected. The insurance company will not be heard in any other tribunal, in any other action. to complain against the plaintiff in error. It is of no consequence to it as to what settlement may be made between the insurance company and the plaintiff Franklin Shutt. The insurance company was joined in the caption of the petition with the plaintiff Franklin Shutt, and there is no question raised, either by motion, demurrer, or answer, as to the last-amended petition in regard to misjoinder of parties or causes of action, or of defect of parties.   Such question, not so taken advantage of in apt time, is waived.   *Choctaw, Oklahoma & Gulf R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271.

There appearing no error in the record prejudicial to the rights of plaintiff in error, the judgment of the lower court is affirmed.

Kane, C. J., and Hayes and Turner, JJ., concur; Dunn, J., who, having been of counsel in the lower court, did not sit.