## WILLIAMS & MILLER GIN CO. v. BAKER COTTON OIL CO.

No. 13762—Opinion Filed Jan. 27, 1925.

Rehearing Denied April 7, 1925.

(Syllabus.)

1. **Insurance—Fire Loss—Recovery by Insured for Negligent Burning—Rights of Insurer under Subrogation Clause of Policy.**

Under the subrogation clause of the statutory fire policy (section 6767. Comp. Stat. 1921), the insurer has an interest in the recovery obtained on a cause of action for negligently burning the property insured on compliance with the conditions thereof, and the insured holds such recovery as trustee for the insurer pro tanto the insurance paid. The application thereof is subject to the insurer's direction.

2. **Appeal and Error — Trial — Verdict—Damages—Time to Object.**

The recovery in an action for damages tried to a jury is determined by the verdict, both as to the amount of the recovery and that for which the recovery is assessed by the verdict. If either party questions the verdict's failure to clearly or fully speak on the issues pleaded and determinative thereby, due to the alleged inaccurate form of the verdict, it is his duty to raise such ques-

tion before the jury is discharged, to the end that the jury may correct the same.

### 3. Damages—Prospective Profits—Certainty of Evidence.

Loss of profits for the destruction of an established business may be recovered, where the evidence produced makes the amount thereof reasonably certain.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Williams & Miller Gin Company against the Baker Cotton Oil Company. From the judgment, plaintiff and defendant both appeal. Affirmed.

Wilson & Roe and C. S. Gilkerson, for plaintiff in error.

T. M. Robinson and P. Mounts, for defendant in error.

BRANSON, V. C. J. The Williams & Miller Gin Company, a corporation, as plaintiff, sued the Baker Cotton Oil Company, a corporation, as defendant. Plaintiff's cause of action was predicated upon the destruction by fire of its gin plant, certain cotton, cotton seed and supplies, by fire alleged to have been negligently caused by the defendant. The defendant pleaded the general issue, contributory negligence, that plaintiff had been paid by an insurance company the full amount of the value of the property destroyed, and by way of supplement to its answer, further pleaded a state of facts in substance an assignment of the recovery to it, the defendant, by the insurance company, of the amount paid the plaintiff, and prayed, in event of plaintiff's recovery, that the amount of recovery be offset to the amount paid by the insurance company to plaintiff.

We deem it important to point out that to this supplement to the amended answer, or to the amended answer as so supplemented, there is no pleading filed by the plaintiff. On trial to a jury of the issues joined, the plaintiff recovered "for damages for loss of gin plant, in the sum of $12,000. * * * for loss of profits, in the sum of $1,000."

The court found that the plaintiff had been paid $10,426.55 by the Equitable Mutual Fire Insurance Company of Dallas, Tex., on its gin plant, and approximately $4,000 in addition thereto on supplies, cotton, etc., and that by reason of the facts pleaded in the said supplement to the answer, the recovery should be reduced in the sum of $10,426.55, and that plaintiff have judgment only for the difference between said amount and the verdict of the jury, to wit, $2,573.45, and from the judgment so entered, the plaintiff appeals, and the defendant files a cross-petition in error.

An opinion on the issues raised could not be considered by a reader other than prolix, if we follow, the various leads suggested by counsel on the minor matters referred to in the briefs. We will treat the decisive questions only, and in doing so will refer to the plaintiff in error as the plaintiff, as it appeared in that position in the trial court, and to the cross-petitioner in error as the defendant, since it occupied the position of defendant in the trial court.

Clarity suggests that we discuss the assignments of error of the plaintiff first. Such assignments, while six in number, all go to the one proposition, which may be set out in the language of the fifth assignment, to wit: Error, in that the court allowed the offset of insurance money paid by the insurance company to the plaintiff. Repeating, it must be noted that the trial court did not allow an offset against the recovery of the plaintiff to the full amount paid by the insurance company, but only the amount paid by the insurance company on its policy covering the gin plant. The contention of the plaintiff in brief on the alleged error is to the effect that in an action for loss of property by fire, such as here, plaintiff's recovery cannot be reduced because the property was insured by plaintiff and the insurance policy was paid. 17 C. J. 930; K. C., M. & O. Ry. v. Shutt, 24 Okla. 96, 104 Pac. 51, and numerous other cases; Ruling Case Law, vol. 11, page 960; Perrott v. Shearer, 17 Mich. 48.

This rule was, however, recognized and followed by the trial court. But plaintiff says that the final action was an evasion of it. The plaintiff further contends that while it recognizes that the insurance company would have been entitled to subrogation to rights of plaintiff pro tanto, if not on equitable grounds, by virtue of the terms of the insurance policy itself, but for the fact the insurance company had waived its right of subrogation, and that the supplement to defendant's answer, which pleaded an assignment in effect of the insurance company's rights in the recovery, if any, to the amount paid, was permitting the defendant to do by indirection what it could not do directly.

The law of this state prescribes a statutory form of fire insurance policy. It is found in section 6767, Comp. Stat. 1921. The clause on the question of subrogation is as follows, to wit:

"If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of

such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

The insurance company was therefore entitled to subrogation to plaintiff's cause of action, or the fruits thereof, by reason of the said provision of the policy contract. It is not contended that the insurance company failed to claim the fire was caused by the negligent act of another, and by reason of such failure the insurer had no right of subrogation (if perchance such a contention, if true, could avail plaintiff anything), but plaintiff proceeds on the assumption that the insurer had such a right, but "specifically waived the same." Indeed, the record as a whole shows the insurer had such information as justified its belief that the defendant in this action caused the fire, for that the method of settlement by advancing its liability to the insured pending the litigation was an act which sufficiently claimed the fire was caused by another to subrogate the insurer, under said quoted clause of the policy, if such construction be given said clause as to make it necessary that such claim be made before or at the time of payment, in order that the insurer's right of subrogation may be claimed by it.

We do not feel that the facts in this case require that we either concur or refuse to acquiesce in the reasoning of the New Jersey court, in the case of Fire Association of Philadelphia v. Robert V. Scheilenger, 84 N. J. Eq. 464. We deem it not amiss, however, to say in passing, that the clause in the insurance policy before the court in that case is identical with the clause quoted supra. We are reluctant, however, to believe that in incorporating this clause as part of fire insurance policies, the Legislature intended to give the insurer a right more limited than it would have had, but for such a clause. Such a policy in its nature is an indemnity, and if no such clause were in the policy form, the insurer would have the right of subrogation. If this clause should be given the construction as in the New Jersey case, supra, it would at least have a tendency to prevent the insurer's making settlement with the insured until an opportunity for full investigation as to whether the fire was caused by another in such a manner as to subject the other to civil liability; for if settlement were made without information as to the fire being caused by another in such way as to subject the other to civil liability therefor, but it was afterwards ascertained that the fire was so caused, then because the insurance company had made settlement

on its policy liability to the insured, without making such claim, it would thereby be precluded from asserting its right of subrogation, if the clause in question should be given such interpretation. However, we are not undertaking to pass on this matter.

Being subrogated, was the insurer's right lost by waiver? Plaintiff says in effect it was so lost, because an officer of the company testified in a deposition taken, to the effect that he had nothing to do with bringing the instant suit, and no interest in the same, as it then stood, and was making no claim to an interest therein. Could such testimony preclude the corporation insurance company from asserting its rights, there being no detriment or prejudice to the plaintiff pleaded or shown to have arisen by reason of such testimony? The insurer is given nothing less than a property right by reason of said quoted clause in the policy in so much of the recovery as it has paid out on that for which the recovery is had. An attempted waiver of such a right can be operative only by estoppel or on receipt by the insurer of a valuable consideration. United Firemen's Ins. Co. v. Thomas, 82 Fed. 406, 47 L. R. A. 450; Jobst v. Hayden (Neb.) 50 L. R. A. (N. S.) 501; Ripley v. Aetna Ins. Co. (N. Y.) 86 Am. Dec. 362; American Cent. Ins. Co. v. McCrea (Tenn.) 41 Am. Rep. 647. Neither is pleaded nor shown herein.

Did the trial court have the right to credit the recovery obtained by the plaintiff to the amount of $10,426.55, which had been paid by way of advancements, the authority to credit the same being under an agreement between the insurer and the defendant, the Baker Cotton Oil Company, said agreement as pleaded being that said credit should be had in event of the recovery by plaintiff?

Dependent on our conclusions above, the plaintiff was trustee of the recovery obtained against the defendant pro tanto the amount of insurance paid it. It was so reasoned by this court in the case of Kansas City, M. & O. Ry. v. Shutt, supra, supported by cases therein cited. Such being the relation of the plaintiff to the insurer as to the recovery had to the amount theretofore paid or advanced the insured, the insurer could direct its application according to the dictates of its own discretion, and that even to the extent of directing that it be applied to the liability found against the defendant in favor of the plaintiff. Having done so, the judgment of the trial court against the defendant for the difference between the recovery and the credit so allowed defendant was without error, unless it be found in some of the assignments of the de-

fendant, the cross-petitioner in error in this appeal.

Going to such assignments, we find that the defendant contends, first, that the court erred by not crediting plaintiff's recovery with the entire amount of the insurance paid to the plaintiff by the insurance company. As pointed out, supra, the cause of action pleaded by the plaintiff was not only for the gin plant, but also for cotton, cotton seed, and supplies destroyed by the fire. The recovery, in the language of the verdict of the jury, was for $12,000 for loss of "gin plant," and $1,000 for loss of profits. It is to be noted that the insurer had paid plaintiff $10,426.55 for the loss of the gin plant, and approximately $4,000 in addition thereto, for loss of cotton, cotton seed, and supplies. The contention of the defendant is that the credits should not only include the $10,426.55, but should have also included the additional amount of insurance paid plaintiff. If credit had been given for this additional amount, it would have completely offset plaintiff's recovery, and no judgment in any amount would have gone against the defendant. From the verdict returned, no recovery was apparently considered proper by the jury for the property destroyed, other than that covered by the policy on the "gin plant." In other words, the recovery of damages for the destruction of the gin plant was $12,000, and the amount paid by the insurance company thereon to the plaintiff was $10,426.55.

If either party contended that the form of verdict inaccurately described the intended finding of the jury, or was in any particular wrong as not speaking the issues determinative thereby, it was necessary that objection be made to the form of the verdict before the verdict was received, and the jury discharged, so that the jury might have had an opportunity to correct the same.

The next assignment made by the defendant is to the effect that certain evidence as to the loss of profits was incompetent and insufficient to sustain the verdict for such allowed loss. On examination of the character of the evidence submitted, without undertaking to discuss the same in detail, we are constrained to decide against this contention of the defendant on the authority of cases from this court. Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209; Wellington v. Spencer et al., 37 Okla. 461, 132 Pac. 675; Ft. Smith & W. R. Co. v. Williams, 30 Okla. 726, 121 Pac. 275; Bishop-Babcock-Becker Co. v. Estes Drug Co. et al., 63 Okla. 117, 163 Pac. 276; Leasure v. Hughes, 72 Okla. 75, 178 Pac. 696; Mensing v. Wright et al. (Kan.) 119 Pac. 374.

The next and last assignment of the defendant is that error was committed in that the following instruction was given to the jury:

"You are instructed, gentlemen, of the jury, that in a civil case, such as the one on trial, all that the plaintiff is required to do to establish his case is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom."

This assignment must be denied on the authority of the case of St. Louis & San Francisco Ry. Co. v. Rushing, 31 Okla. 231, 120 Pac. 973, and the case of St. L. & S. F. R. Co. v. Hart, 45 Okla. 659, 146 Pac. 430.

The judgment of the trial court is in all respects affirmed.

NICHOLSON, C. J. and MASON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 26 C. J. pp. 457, 460, 461 (1926 Anno) ; (2) 38 Cyc. p. 1094, 3 C. J. p. 865; (3) 17 C. J. p. 796.