Note.—See under (1) 4 C. J. p. 900, §2870; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 80; 6 R. C. L. Supp. p. 73. (2) 9 C. J. p. 1255, §195; 22 C. J. p. 147, §82; 23 C. J. p. 16, §1748; 27 C. J. p. 44, §170; p. 64, §199; 12 R. C. L. p. 424; 2 R. C. L. Supp. p. 1427; 5 R. C. L. Supp. p. 644; 6 R. C. L. Supp. p. 707. (3) 9 C. J. p. 1175, §35; 18 C. J. p. 167. §47; 8 R. C. L. Supp. p. 963; 2 R. C. L. Supp. p. 697.

---

## SHINN v. CRANE & CO.

No. 17139—Opinion Filed Dec. 21, 1926.

**1. Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignment of error, the court may reverse the case in accordance with the prayer of the petition in error. (Ellis et al. v. Outler et al., 25 Okla. 469, 106 Pac. 957.)

**2. Same.**

Record examined, and held, that plaintiff has filed brief and defendant has not, nor offered excuse for not doing so, and plaintiff's brief appears reasonably to sustain the assignments of error and the cause should be reversed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; William Zwick, Judge.

Action by W. W. Shinn against Crane & Company upon a contract of assignment. Judgment on demurrer for defendant, and plaintiff appeals. Reversed.

O. T. Shinn, for plaintiff in error.

Opinion by THREADGILL, C. This action commenced in the justice of the peace court by plaintiff in error, as plaintiff, filing a bill of particulars in which he alleged that defendant was indebted to him in the sum of $200 upon a written assignment of wages made by A. I. Buck as an employe of defendant. The material part of the assignment is as follows:

"Know All Men By These Presents: That I, the undersigned, for and in consideration of $35 to me in hand paid by W. W. Shinn of Oklahoma City, Okla., and for other valuable consideration, have sold, and by this instrument, do sell, transfer and set over to said W. W. Shinn my pay check in full in _____dollars out of my salary or wages now due or to become due me for the months of June and July, 1925, from Crane Company, hereafter called party of the third part."

There was a provision to the effect that if W. W. Shinn failed to collect the salary for the two months named, assignor's salary for any subsequent months should be substituted, and if assignee failed to get two months of his salary from said Crane Company, then the assignment should be applied to two months' salary from any other person assignor worked for. Another provision was for $15 attorney's fees if placed in his hands for collection.

The cause was tried to the justice of the peace without a jury, resulting in judgment for plaintiff in the sum of $50 and costs. The defendant gave bond and appealed by transcript to the district court, and, by leave of court, filed a demurrer to the bill of particulars on the ground same did not state sufficient facts to constitute a cause of action. The court sustained the demurrer and dismissed plaintiff's action and the case is brought here, by petition in error and transcript of the record, for review.

There is but one question to be decided and that is whether or not the bill of particulars stated a cause of action. Plaintiff has filed his brief and contends that the assignment was legally made, and cites as authority K. C., M. & O. R. Co. v. Shutt, 24 Okla. 102, 104 Pac. 51. He contends that the assignment was legal without the consent of the debtor, under the rule stated in 5 C. J. page 937. This rule is as follows:

"As a general rule, the consent or acceptance of the debtor is not essential to the validity of an assignment, either as between the parties or as against the debtor."

He cites the case of Krapp v. Eldridge, 33 Kan. 106, 5 Pac. 372, in support of this rule, and he points out that the courts of 24 of the 48 states of this country have held in accord with the rule.

The defendant has filed no brief and made no appearance in this court and we are of the opinion that plaintiff's contention should be sustained as the law of the case.

The cause is, therefore, reversed with direction to the district court to reinstate the case, overrule defendant's demurrer, and proceed further not inconsistent with this opinion.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 1447, §1607; 2 R. C. L. p. 176 et seq.; 1 R. C. L. Supp. p. 425.