## HARRINGTON v. CENTRAL STATES FIRE INS. CO.

No. 22658.    Oct. 16, 1934.

Hughes & Dickson, for plaintiff in error.

Gester H. LaMar, for defendant in error.

PER CURIAM. The defendant in error will hereinafter be referred to as the plaintiff, and the plaintiff in error as defendant.

Plaintiff, on the 25th day of April, 1930 filed a suit in the district court of Texas county, against the defendant, alleging that on the 6th day of July, 1928, it issued and delivered a policy of insurance to one C. T. Raines, covering a crop of wheat grown on a tract of land adjoining the farm of the defendant; that on the 17th day of July, 1928, and while said policy of insurance was in full force, the servant and agent of the defendant started a fire on the land of the defendant, which spread to the land of C. T. Raines and destroyed the crop of wheat covered by the policy of insurance; that upon proof of loss, plaintiff paid to C. T. Raines the sum of $238.19 upon said policy of insurance, and procured from him an instrument designated by the parties as "an article of subrogation," which instrument was in words and figures as follows:

"Be it known that the Central States Fire Insurance Company, of Wichita, Kan., did insure C. T. Raines, under its policy No. 2222 issued at its Hooker, Okla., agency as follows: $1,000 on grain on N. E. 1/4 24-5-17 Texas county, Okla., for 1 month commencing on the 6th day of July, 1928, and continuing until the 6th day of August, 1928.

"Further, that on the 17th day of July, 1928, a fire occurred, by which the property so insured was damaged or destroyed to the amount of _____ dollars, said fire having been caused by fire originating on adjacent premises from tractor owned by E. S. Harrington.

"Now, therefore, C. T. Raines, in consideration of $238.19, to him in hand paid by the said the Central States Fire Insurance Company, of Wichita, Kan., in full settlement of my claim against said company, by reason of said loss, damage, and policy of insurance, I do hereby assign, set over, transfer, and subrogate to the said the Central States Fire Insurance Company of Wichita, Kan., all the right, claims, interest, choses or things in action, to the extent of $238.19 paid me as aforesaid, which I may have against E. S. Harrington or any other party, person or corporation, who may be liable, or hereafter adjudge liable, for the burning or destruction of said property, and hereby authorize and empower the said the Central States Fire Insurance Company of Wichita, Kan., to sue, compromise or settle in my name or otherwise, and it is hereby fully substituted in my place, and subrogated to all my rights in the premises to the amount so paid. It being expressly stipulated that any action taken by said company shall be without charge or cost to the party or parties signing below.

"The undersigned states that no settlement has been made with said E. S. Harrington, or any third party for said loss or any part thereof, nor will I take any action that will disregard or jeopardize the rights of said the Central States Fire Insurance Company under the above article of subrogation.

"Dated Aug. 3, 1928. (Signed) C. T. Raines."

(Acknowledgment.)

The prayer was for judgment against the defendant in the sum of $238.19.

To this petition the defendant filed a demurrer on the grounds that: (1) Plaintiff had no legal capacity to sue; (2) that there was a defect of parties plaintiff; and (3) that said petition did not state facts sufficient to constitute a cause of action.

Upon hearing, the court overruled the demurrer, to which the defendant excepted, declined to plead further, and the court thereupon rendered judgment in favor of

the plaintiff and against the defendant in the sum of $269.54, and the case is here on petition in error, with transcript attached.

The first assignment of error is that the plaintiff had no legal capacity to sue. The objection that the plaintiff had no legal capacity to sue goes to his right to maintain the action at all; as, for instance, that he is an idiot, or insane, or a minor, etc., and, when the contrary does not appear on the face of the petition, the plaintiff is presumed to have the legal capacity to sue, and the burden is upon the defendant in the first instance to show that such capacity does not exist, and this objection is entirely without merit. Logan v. Oklahoma Mill Co., 14 Okla. 402, 79 P. 103; Boyce v. Augusta Camp No. 7429, Modern Woodmen of America, 14 Okla. 642, 78 P. 322; General American Oil Co. v. Wagoner Oil & Gas Co., 118 Okla. 183, 247 P. 99.

It is next contended that the assured was a necessary party plaintiff, and that since he did not join in the petition, there was a defect of parties, and the demurrer should have been sustained.

The policy of insurance issued by the plaintiff on the property destroyed was a contract of indemnity, and the plaintiff, upon paying the loss, became, without any formal assignment or any express stipulation to that effect in the policy, subrogated, to the extent of the amount paid, to the assured's right of action against the defendant to recover such loss.

This was the rule of the common law, but a suit to enforce such right could only be brought by the assured, and could not be brought by the insurance company paying the loss. Kansas City, Ft. S. & M. R. Co. v. B. F. Blaker Co., 68 Kan. 244, 75 P. 71, 64 L. R. A. 81; Kansas City, M. & O. R. Co. v. Shutt, 24 Okla. 96, 104 P. 51; Williams & Miller Gin Co. v. Baker Cotton Oil Co.., 108 Okla. 127, 235 P. 185; Schaff, Rec., v. Coyle, 121 Okla. 228, 249 P. 947; Shawnee Fire Ins. Co. v. Cosgrove, 85 Kan. 296, 116 P. 819; Liverpool & Grt. Western Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 32 L. Ed. 788.

It is said that this rule of the common law is carried forward in section 142, O. S. 1931, which provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

This court, in the case of Kansas City, M. & O. R. Co. v. Shutt, supra, construing sections 4163 and 4224, Wilson's Revised Statutes (sections 11901 and 142, O. S. 1931), following the strict rule of the common law, held that a cause of action in favor of the owner of personalty on account of the wrongful destruction of such property by fire against the wrongdoer was not assignable. Justice Williams, speaking for the court in that case, said:

"We conclude that an action growing out of a tort pure and simple, like the one involved in this case—the destruction of property by fire alleged to have been wrongfully set out—is not assignable."

Subsequent to the date upon which that decision was rendered, the Legislature enacted a law prescribing a standard form of insurance policy. This statute is carried forward as article 3, sections 10554 to 10563, inclusive, O. S. 1931. Section 10557, among other things, contains the following:

"If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

This statute modified section 142, O. S. 1931, or, perhaps it would be more correct to say, adds another exception to that contained therein, and permits the assignment of a cause of action for the wrongful destruction of personal property by fire where the insurance company has paid the loss. Hynds et al. v. Schaff, 46 F. (2d) 275; Hamburg Bremen Fire Ins. Co. v. Atlantic Coast Line R. Co. (N. C.) 43 S. E. 548.

Where an insurance company pays to the assured a loss occasioned by the wrong of a third party, and the value of the property destroyed by the fire exceeds the amount paid by the insurance company, the assured may maintain an action in his own name against the wrongdoer and receive the full amount of the loss. In such case, the assured becomes trustee for the insurance company, and holds the amount paid for the use and benefit of such insurance company. Kansas City, M. & O. R. Co. v. Shutt, supra; Schaff v. Coyle, supra; Kansas City, Ft. S. & M. R. Co. v. Blaker, supra; C., B. & Q. Ry. Co. v. German Insurance Co. of Freeport, Ill. (Kan. App.) 42 P. 594.

The reason for the rule is that the wrongful act is single and indivisible, and gives

258

rise to but one liability. If it were otherwise, if one insurer may sue, then if there were a number, each could do likewise, and if the aggregate of all the policies falls short of the actual loss, the assured owner could sue for the balance, and the alleged wrongdoer would be compelled to defend a multitude of suits.

Where the value of the property destroyed does not exceed the loss paid, this rule does not apply, because the assured owner would no longer have any interest in the cause of action, and while the suit may be brought in the name of the assured for the use and benefit of the insurer, such assured is not a necessary party, and a suit to recover such loss may be maintained by the insurer in its own name. Sullivan v. Curling, 149 Ga. 96, 99 S. E. 533, 5 A. L. R. 124; Hynds v. Schaff, supra; Hamburg Bremen Fire Ins. Co. v. Atlantic Coast Line R. Co., supra.

Cotterall, Circuit Judge, speaking for the Tenth Circuit Court of Appeals, in the case of Hynds v. Schaff, supra, said:

"When the case was reached for argument in this court, the death of appellant Hynds pending the appeal was suggested; and it was contended by counsel for appellee that the assured is a necessary party to the suit, and, in the absence of his proper representative, the appeal should be dismissed, because of the provisions of section 209, Comp. Okla. Stat. 1921 (142, O. S. 1931), which provide:

" 'Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.'

"The answer is that section 6767, same statutes, constitutes an exception to the general provisions of section 209, in prescribing a form of policy whereby it is provided an insurance company on payment of a loss due to the act or negligence of any person or corporation shall be subrogated to the right of recovery, and such right shall be assigned to the company.

"Counsel for appellee rely on decisions of the Oklahoma Supreme Court, which hold that the right of action is confined to 'the assured, where an insurance company has paid a part only of a fire loss. In such a case, the assured has an interest in the recovery, and a judgment binds the company. But the companies paid this entire loss, and their counsel insist that as the assured has no interest at stake and by virtue of the subrogation they have succeeded to his rights and are entitled to maintain the suit and the appeal. The question appears not to have been decided in

this state. We think that, where the facts concur as in this case, section 6767 (10557, O. S. 1931) entitles the companies to the remedy. It has been so held, and we think correctly, under similar Code sections, in Hamburg-Bremen Fire Ins. Co. v. Atlantic R. Co., 132 N. C. 75, 43 S. E. 548."

This question was determined by the Supreme Court of North Carolina in the case of Hamburg-Bremen Fire Ins. Co. v. Atlantic Coast Line R. Co., supra. In that case, the insurance company alleged that certain property covered by its policy of insurance was destroyed by fire, and that the fire was due to the negligence of the railroad company; that the value of the property was $742.50, and that it had adjusted and paid the loss to the assured. Contention was made that the owners were proper parties, and that the insurance company could not recover. In passing upon this question, the court said:

"It was further contended that the plaintiff could not recover, but that Hearne Bros. & Co. were the proper parties plaintiff. It will be seen, by the averments in the complaint and admissions in the answer, that they had no interest in this action, and that the plaintiff is the sole party in interest for the recovery of the $742.50 sued for, and, therefore, under our Code system, the only party authorized to bring this action. It is insisted, however, that section 177 of the Code expressly provides that 'Every action must be prosecuted in the name of the real party in interest, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract.' If this exception applied to a case of this kind, it has been repealed, so far as actions of this nature are concerned, by the following provisions in section 43, c. 54, Laws 1899 (at page 168): That if the insurance 'company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated, to the extent of such payment, to all right of recovery by the insured for loss resulting therefrom'; and it is further provided that the insured shall make an assignment to the company on receiving such payment. Whether the insured here made an actual assignment, or not, is immaterial, as the subrogation was complete upon the payment, and the sole right of recovery thereupon passed to the company."

In the case at bar, if the value of the property destroyed was not in excess of the loss sustained and paid, then the plaintiff would be permitted to institute and maintain a suit to recover such loss in its own name. In such case, however, it is necessary to allege and prove that the value of

the property was not in excess of the amount of the loss. There is no such allegation in plaintiff's petition, and the court committed error in overruling the demurrer thereto. Home Mutual Ins. Co. v. Oregon Ry. and Nav. Co., 20 Ore. 569, 26 P. 857.

Finally, it is contended that the petition did not set forth sufficient facts to constitute a cause of action in favor of the plaintiff and against the defendant, and with this contention we agree.

To constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the person complained against to protect the complainant from the injury of which he complains; (2) the failure of the party complained against to perform that duty; (3) injury to the complainant resulting from such failure. C., R. I. & P. R. Co. v. McIntire, 29 Okla. 797, 119 P. 1008; Lisle v. Anderson, ·61 Okla. 68, 159 P. 278; Thorp v. St. L.-S. F. R. Co., 73 Okla. 123, 175 P. 240.

In the case at bar, if the property destroyed had not been insured and the owner had sued to recover, it would have been necessary for him to allege and prove the existence of these three elements. The fact that the property was insured and the loss sustained, was adjusted and paid by the plaintiff, does not change the rule, because the right of the plaintiff to recover from the alleged wrongdoer the amount of the loss does not rest upon any relation of contract or of privity between them. It arises out of the nature of the contract of insurance as a contract of indemnity; is derived from the assured alone; and to state a cause of action the petition must contain these three essential elements.

It is alleged that the fire was started on the defendant's own land, and spread to and burned the wheat crop of the assured C. T. Raines. but it is not alleged that there was a defect in the construction of the tractor, or that the same was out of repair; that the defendant knew or that by the exercise of reasonable diligence should have known of such defect; or that he knew or by the exercise of reasonable diligence should have known that a fire started on his own land was likely to spread to the land of the assured and destroy his crop. In fact, such petition wholly fails to set forth facts sufficient to constitute actionable negligence, and the general demurrer should have been sustained.

The judgment of the trial court is re-

versed and the cause remanded, with directions to sustain the demurrer of the defendant, and to take further proceedings not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys J. D. Carmichael, Frank M. Bailey, and D. M. Cavaness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carmichael, and approved by Mr. Bailey and Mr. Cavaness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.