### AMERICAN FIDELITY & CASUALTY CO., Inc. v. ALL AMERICAN BUS LINES, Inc.

No. 3894.

United States Court of Appeals Tenth Circuit.

Dec. 28, 1949.

Rehearing Denied Jan. 24, 1950.

Welcome D. Pierson, Oklahoma City, Okla. (Howard Hentz, Oklahoma City, Okl., was with him on the brief), for appellant.

Gus Rinehart, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The question presented by this appeal is whether the appellee Bus Company may maintain a tort action against its insurer, appellant, for negligence and bad faith in failing to settle a damage suit within the coverage limits of its policy of insurance, where the full amount of the Bus Company's liability in excess of such policy was paid to the Bus Company by another

insurer under the terms of an excess insurance policy issued by it.

On June 1, 1945, the appellant, American Fidelity and Casualty Company, hereinafter called the primary insurer, issued a public liability policy to the Bus Company with a maximum coverage of $10,000 for injury to any one person. On the same day, the Security Mutual Casualty Company, hereinafter called the excess insurer, issued to the Bus Company an excess loss policy which referred to the primary policy and provided coverage for only that part of any loss in excess of $10,000, but not in excess of $100,000 for injury to any one person. By the terms of these policies, the insurers were required to defend all litigation against the Bus Company involving matters covered by the policies.

On July 5, 1945, while the above policies were in full force, a bus operated by the Bus Company was involved in an accident in which a passenger, Miss Lorena Lairson, was injured. On August 23, 1945, Miss Lairson filed suit against the Bus Company and the primary insurer, seeking $30,-500 damages for personal injuries. When that case was called for trial, Miss Lairson's attorneys offered to settle for $5000, but this offer was refused by the defendant's attorney at the direction of the primary insurer who was in fact conducting this litigation. The case proceeded to trial, and verdict and judgment of $25,000 was rendered in favor of Miss Lairson. The excess insurer took no part whatever in the case. While an appeal from this judgment was pending, the parties compromised the case for $17,500. The Bus Company paid $7,500 of the above settlement, and was reimbursed in like amount by the excess insurer pursuant to the terms of the excess policy. The excess insurer then demanded that the Bus Company assert a claim against the primary insurer and this suit was apparently brought in response to that demand. The primary insurer moved to dismiss inter alia on the grounds that the Bus Company was not the real party in interest, having been fully reimbursed for all sums of money it had been required to expend in the settlement of the claim.

The trial court overruled the motion, finding that the primary insurer had been grossly negligent in the investigation and defense of the claim, and that it had been guilty of bad faith in not accepting the original offer of settlement. Judgment was rendered in favor of the Bus Company for $7,500, and this appeal followed.

When an insurance company acts on behalf of the insured in the conduct of litigation and the settlement of claims, it assumes a fiduciary relationship and is obliged to act in good faith in representing the interests of the insured. American Casualty Co. v. G. A. Nichols Co., 10 Cir., 173 F.2d 830; Traders & General Ins. Co. v. Rudco Oil & Gas Co., 10 Cir., 129 F.2d 621, 142 A.L.R. 799; National Casualty Co. v. Britt, Okl., 200 P.2d 407. In the view we take of the case however, we may assume without deciding that the evidence was sufficient to support the trial court's finding of bad faith and gross negligence on the part of the primary insurer, and that a cause of action sounding in tort accrued to the Bus Company against the primary insurer. Be that as it may, Section 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that "every action shall be prosecuted in the name of the real party in interest * * *", and we think the decisive question is whether the Bus Company having been fully reimbursed for the amount of its loss by the excess insurer, it is now the real party in interest to prosecute the cause of action.

Ordinarily when a public liability insurance company fully reimburses its insured for losses within the coverage of the policy, it becomes subrogated to the rights of the insured against third parties whose tortious conduct caused the loss. Travelers Ins. Co. v. Great Lakes Engineering Works Co., 6 Cir., 184 F. 426, 36 L.R.A., N.S., 60; Home Ins. Co. v. Lack, 196 Ark. 888, 120 S.W.2d 355; Otis Elevator Co. v. Maryland Casualty Co., 95 Colo. 99, 33 P.2d 974; Ocean Accident & Guarantee Corp. v. Hooker Electro-Chemical Co., 240 N.Y. 37, 147 N.E. 351; Globe Indemnity Co. v. Schmitt, 142 Ohio St. 595, 53 N.E.2d 790; U.S. Fidelity & Guaranty Co. v. Thomlinson-Arkwright Co., 172

Or. 307, 141 P.2d 817. Where such total subrogation occurred at common law, the action to enforce the insurer's rights had to be brought in the name of the insured, since the common law courts did not recognize the equitable interest of the insurer. Montello Shoe Co. v. Suncook Industries, 92 N.H. 161, 26 A.2d 676; Annotation 157 A.L.R. 1242, 96 A.L.R. 864. On the other hand, in suits in equity or admiralty, the fully subrogated insurer sued in his own name. St. Louis Iron Mt. & So. Ry. Co. v. Commercial Union Ins. Co., 139 U.S. 223, 235, 11 S.Ct. 554, 35 L.Ed. 154. See also City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1242, Harrington v. Central States F. Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 864. Under modern statutes abolishing the distinction between law and equity, and requiring that actions be brought in the name of the real party in interest, it is generally held that an insured who had been paid in full by his insurer is not the real party in interest, and is not entitled to bring an action in his own name against the third party tort feasor.[1] Instead the action must be brought by the insurer who by virtue of subrogation becomes the only real party in interest.[2] In a very recent case involving the application of Rule 17 (a) to tort claims litigation, the Supreme Court said "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name.", citing 3 Moore, Federal Practice (2d ed.) p. 1339. United States v. Ætna Casualty & Surety Co. et al., 1949, 70 S.Ct. 207, 215.

We do not believe that a different result is indicated by the Oklahoma statute which provides, "Every action must be prosecuted in the name of the real party in interest * * * but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract." 12 O.S.A. § 221. We are not primarily concerned with the real party in interest portion of the statute, for in this court that question is one of federal law interpreting Rule 17(a). However, in determining who is the real party in interest under federal law, we must first ascertain who has the substantive right of action under state law, McWhirter v. Otis Elevator Co., D.C., 40 F.Supp. 11; Moore's Federal Practice, par. 17.07, 2d Ed. 1948, and as to that, the latter portion of the quoted statute may have an important bearing. The question is, whether the insurer's right of subrogation is precluded by the statutory inhibition against the assignment of things

---

1. Klingberg v. Atchison, T. & S. F. Ry. Co., 137 Kan. 523, 21 P.2d 405; Monson v. Payne, 199 Ky. 105, 250 S.W. 799; Waters v. Schultz, 233 Mich. 143, 206 N.W. 548; Lord & Taylor v. Yale & Towne Mfg. Co., 230 N.Y. 132, 129 N.E. 346; Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656; Cunningham & Hinshaw v. Seaboard Air Line Ry., 139 N.C. 427, 51 S.E. 1029, 2 L.R.A., N.S., 921; Globe & Rutgers Fire Ins. Co. v. Foil, 189 S.C. 91, 200 S.E. 97; Allen v. Chicago & N. W. Ry. Co., 94 Wis. 93, 68 N.W. 873. Contra: Anheuser-Busch, Inc., v. Starley, 28 Cal.2d 347, 170 P.2d 448, 166 A.L.R. 198; Ill. Cent. R. Co. v. Hicklin, 131 Ky. 624, 115 S.W. 752, 23 L.R.A.,N.S., 870; Williamson v. Purity Bakeries, 101 Ind.App. 441, 193 N.E. 717; Alaska Pac., S. S. Co. v. Sperry Flour Co., 94 Wash. 227, 162 P. 26. Some courts permit the insured to sue for the use and benefit of the insurer. E. g. Hume v. McGinnis, 156 Kan. 300, 133 P.2d 162. See City of N. Y. Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 842, 157 A.L.R. 1233; Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 741, 96 A.L.R. 859.

2. Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650; Hynds v. Schaff, 10 Cir., 46 F.2d 275; Travelers Ins. Co. v. Great Lakes Engineering Works Co., 6 Cir., 184 F. 426, 36 L.R.A.,N.S., 60; Marine Ins. Co. v. St. Louis I. M. & S. Ry. Co., C.C., 41 F. 643, reversed on other grounds, 154 U.S. 515, 14 S.Ct. 1152, 38 L.Ed. 1081 and St. Louis, I. M. & S. R. Co. v. Commerical Union Ins. Co., 139 U.S. 223, 11 S.Ct. 554, 35 L.Ed. 154; City of N. Y. Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233; Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S.W.2d 7; Hamburg-Bremen Fire Ins. Co. v. Atlantic Coast Line R. Co., 132 N.C. 75, 43 S.E. 548; Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859.

in action not arising out of contract. We hold that it is not. The leading Oklahoma case which might be taken to deny this right is Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 104 P. 51, 138 Am.St. Rep. 870, 20 Ann.Cas. 255, but we do not think the case so holds. Instead, it stands for the proposition that a tort cause of action may not be assigned voluntarily (as distinguished from subrogation which is sort of an equitable assignment by operation of law) and that a partial assignor or subrogor of a cause of action is a real party in interest in such action. There are many Oklahoma cases holding that tort actions cannot be assigned,[3] but we find no case holding that such actions are not subject to the equitable adjustment of rights called subrogation. On the contrary, there are cases in which subrogation has been tacitly permitted in tort actions.[4] In Kansas, from which Oklahoma took the statute in question, it has recently been squarely decided that the statute does not prevent subrogation by an insurer to a tort claim. See City of N. Y. Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233. We cannot believe that the legislature could have intended to abolish the beneficial doctrine of subrogation in tort cases as an indirect result of a statute, the primary purpose of which was to abolish nominal parties to lawsuits. This view is in accord with the recent decision of the Supreme Court in United States v. Ætna Casualty and Surety Co., supra, holding that the federal Anti-Assignment statute, R.S. 3477, 10 Stat. 170, 31 U.S.C.A. § 203, does not operate to bar an insurer's right of equitable subrogation.

It has been contended by counsel that subrogation is improper here because the primary and excess insurers were equally at fault, and subrogation is not permitted when equities are equal. Fourth Nat'l Bank of Tulsa v. Board of Com'rs, 186 Okl. 102, 95 P.2d 878. Cf. Martin v. Federal Surety Co., 8 Cir., 58 F.2d 79. In this case, however, the equities are not equal since the primary insurer was allegedly guilty of bad faith and gross negligence in its conduct of the original litigation, whereas the excess insurer was at most guilty of a breach of contract. To us it seems clear that as between the two insurers, it would be most just and equitable that the primary insurer should bear the loss occasioned by its own misconduct.

 We conclude that the tort action against the primary insurer which originally inhered in the Bus Company passed to the excess insurer by subrogation, hence the Bus Company was no longer the real party in interest and is not entitled to prosecute this suit. The judgment is reversed.

3. Momand v. Twentieth Century Fox Film Corp., D.C., 37 F.Supp. 649; Vogel v. Cobb, 193 Okl. 64, 141 P.2d 276, 148 A.L.R. 774; McCoy v. Moore, 185 Okl. 253, 91 P.2d 87; Kansas City, M. & O. Ry. Co. v. Shutt, supra. See also Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859.

4. Fidelity & Deposit Co. v. Okl. State Bank, 10 Cir., 77 F.2d 734, 735; Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650; Fourth Nat. Bank of Tulsa v. Board of Com'rs, 186 Okl. 102, 95 P.2d 878; Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257; Williams & Miller Gin Co. v. Baker Cotton Oil Co., 108 Okl. 127, 235 P. 185.