[Civ. No. 6191. First Appellate District, Division One.—February 6, 1928.]

GEORGE D. RICHEY, Respondent, v. CLARA B. ZIEGLER et al., Appellants.

H. E. Gleason for Appellants.

George D. Richey and C. A. Townsend for Respondent.

TYLER, P. J.—Action on stockholder's liability. The complaint alleges the Gladiator Manufacturing Company to be a corporation with a total capital stock of 1000 shares, of

which defendant Clara B. Ziegler owns 500 shares and defendant Clarence M. Petty the remainder. That on October 3, 1923, one Belle Nutman obtained an award before the Industrial Accident Commission against said company for the sum of $3,893.10 and that thereafter a duly certified copy of said award was filed in the office of the clerk of the superior court of Los Angeles County on September 29, 1924, and thereupon a judgment on award for said sum was duly entered and docketed in the judgment-book of said court; that said Belle Nutman assigned the said award and judgment to the plaintiff in the action at bar. The complaint then alleges that defendants and appellants herein were stockholders of said corporation at the time said debt was incurred and it is prayed that a judgment be rendered against the defendants on account of their liability as stockholders of said Gladiator Manufacturing Company. The defendants demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action against defendants or either of them. The demurrer was overruled, whereupon defendants answered denying that Belle Nutman assigned the award or judgment to the plaintiff and denying their liability to plaintiff as stockholders of said company for the said debt. Thereafter the case came on for trial and the court made findings and rendered judgment against defendants for their proportionate shares of the debt as such stockholders. This is an appeal from such judgment.

The sole point raised on the appeal is that the award made to Belle Nutman by the Industrial Accident Commission could not legally be assigned to plaintiff. This contention is based upon section 24 of Act 4749 (Deering's Gen. Laws, 1925, p. 1731), which prohibits a claim before the Industrial Accident Commission from being assigned before payment. In support of this contention we are cited to the case of *Pacific Electric Ry. Co.* v. *Commonwealth etc. Ins. Co.*, 55 Cal. App. 704 [204 Pac. 262], where it is held in construing this act that the word "claim" is used in its broadest sense and covers both claims and awards since claims are not paid until they become awards and the only thing payable under the provisions of the act is awards. It is apparent that defendants are invoking the aid of an act to resist the payment of an award which was designed to

protect disabled workmen and their dependents, in the event of death, from making assignments of industrial compensation. That the legislature never intended the act should be used as a shield for this purpose goes without saying. ▮ However this may be, the defense interposed can avail defendants nothing for the reason that the award when reduced to judgment as above recited, lost its actionable character as a claim or award as it became merged in the judgment and the complaint is based upon such judgment and not upon the award. The complaint itself so recites. There could be no action based upon the award after it became merged in the judgment for, as stated, it had lost its actionable character, nor could the award be paid as it no longer existed. Satisfaction could only be had by payment of the judgment. ▮ The statute invoked does not attempt to limit the assignment of judgments based upon awards. ▮ A judgment is assignable to pass title and the assignee thereunder acquires a property right that is in no manner impaired by statute.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.*, concurred.