Charles W. GAUNCE, Appellant,

v.

STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, Appellee.

No. 83098.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 2.

Court of Appeals of Oklahoma, Division No. 2.

June 21, 1994.

Rehearing Denied Aug. 1, 1994.

Certiorari Denied Oct. 25, 1994.

Charles W. Gaunce, Norman, for appellant.

Jan Meadows, Asst. Dist. Atty., Norman, for appellee.

REIF, Judge.

This is an appeal pursuant to Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp. 1993, ch. 15, app. 2, to review a summary judgment. The parties agree that only questions of law are presented in this controversy. The primary issue is whether the prohibition against assigning claims or benefits found in 85 O.S.1991 § 48 of the Workers' Compensation Act applies to awards under the Special Indemnity Fund Act, 85 O.S.1991 and Supp.1993 §§ 171–180. The trial court held that section 48 did apply to Special Indemnity Fund awards, thereby invalidating the assignment of a Special Indemnity Fund award by Coy Smith to his attorney Charles Gaunce. With the assignment invalidated, the Department of Human Services received the Special Indemnity Fund award for past child support that Smith owed.

The crux of the position of attorney Gaunce is that the specific statutes creating and governing the Special Indemnity Fund do not have an anti-assignment provision, but do have a special abatement provision. Attorney Gaunce reasons from this that the legislature did not intend to restrict alienation of Special Indemnity Fund awards, except with respect to abatement upon death of the recipient. Attorney Gaunce also stresses that Smith did not merely assign an award of unaccrued benefits, but assigned a fully· matured judgment under which all sums due Smith had accrued. He argues that extending section 48 to Special Indemnity Fund awards, when the Special Indemnity Fund statutes do not expressly restrict assignments, deprives claimants of certain property rights to such judgments without notice and due process. Additionally, he contends that even if the legislature intended section 48 to apply to Special Indemnity Fund awards, its anti-assignment provisions apply only to "claims or benefits" and not to judgments.

This case presents questions of first impression. In holding that section 48 applies to Special Indemnity Fund awards, the trial court relied on language from *Special Indemnity Fund v. Treadwell*, 693 P.2d 608, 610 (Okla.1984), that "[t]he Fund is supplementary of the Workers' Compensation Act." As such, the trial court in the instant case concluded that the Fund would be governed by the general provisions of the Workers' Compensation Act, such as section 48, because the Fund "extends that which is already in existence without changing or modifying the original [and] improve[d] an existing statute by adding something thereto without changing the original text." Although we agree with the trial court's reasoning and conclusion, we believe further

review of other cases and discussion is warranted in resolving this and the other novel issues presented.

The case of *Special Indemnity Fund v. Barnes,* 434 P.2d 218, 220 (Okla.1967), is particularly instructive concerning the operation of the general provisions of the Workers' Compensation Act vis-à-vis the Special Indemnity Fund Act. In concluding that a statute of limitations provision from the Workers' Compensation Act applied to claims against the Special Indemnity Fund, the court observed that:

> [L]egislative establishment of the Special Indemnity Fund was supplementary to the Workmen's Compensation Act, and provided a means by which a physically impaired employee might receive compensation for a combined disability in accordance with existing compensation laws [and] these benefits [from the Fund] to physically impaired persons are incorporated into, and are an integral part of, the Workmen's Compensation Act.

In reviewing the language of the statute of limitations provision in question, the court further observed that:

> The plain language ... clearly discloses [the provision] was extended to, and applies to any claim [and no enactments concerning the Special Indemnity Fund] provide that claims arising against the Special Indemnity Fund are to be considered in a category different from other claims for compensation under the Workmen's Compensation Act.

*Id.* In the final analysis, the court believed claims against the Special Indemnity Fund were properly governed by general provisions from the Workers' Compensation Act, such as a limitations provision, because both claims arise from injury sustained by the employee.

■ The trial court's summary judgment did not expressly address attorney Gaunce's contentions that section 48 does not apply to judgments and that applying the anti-assignment provision to judgments deprives claimants of certain property rights without notice and due process. By entry of the summary judgment, against attorney Gaunce, the trial court necessarily rejected such contentions.

Again, we agree that the trial court was correct in doing so, but we also believe the first-impression nature of these propositions warrant discussion.

The case of *Richey v. Ziegler,* 89 Cal.App. 35, 264 P. 293, 294 (1928), considered the application of the anti-assignment provision in California's Workers' Compensation Act as a defense to paying an assignee the proceeds of an award. The court's holding in this case lends some support to Gaunce's position. In *Richey,* the court stated that the anti-assignment statute "does not attempt to limit the assignment of judgments based upon awards." The court drew this distinction: "A judgment is assignable to pass title, and the assignee thereunder acquires a property right that is in no manner impaired by statute." Additionally, *Washita County Gin Co. v. Colbert,* 176 Okla. 111, 54 P.2d 640, 641 (1936), held that the anti-assignment provision did not apply to a power of attorney that claimant gave his attorney to receive and cash the draft in payment of his workers' compensation award, even though the power of attorney also authorized the payment of certain debts of the claimant. The court stated: "The disposition of the money was subject to claimant's control; he could demand all of it from the attorney or he could consent that the attorney pay the debts and remit the remainder."

Distinctions between assignments of judgments as opposed to assignments of awards or benefits, and the right of the claimant to direct disposition of the proceeds of an award by power of attorney, must be weighed against Oklahoma's broad protection embodied in section 48. For example, in the case of *Washita County Gin,* 54 P.2d at 641, the court considered the fact that "such a power of attorney could be used as a cloak for assignments, *which are forbidden,* but this could only occur with the assistance of fraud by the claimant himself, for assignments transfer titles while powers of attorney do not purport to do so." (Emphasis added.) Additionally, the anti-assignment provision is reinforced by kindred provisions in the statute. Section 48 makes benefits exempt from all claims of creditors and prohibits waiver of this exemption. It also directs that compen-

sation and benefits shall be paid only to employees.

The exemption provision has been interpreted to apply beyond the award and judgment phase of rights and has been extended to funds *after* claimant has received them and even deposited them, provided they were unmingled with other funds. *In re Allen's Guardianship*, 182 Okla. 512, 78 P.2d 700 (1938).

*Allen's Guardianship* held:

[E]xemption statutes are to be given reasonable construction in favor of the purposes and objects of the exemption [and] where there is doubt as to whether or not property should be exempt, such doubt should be resolved in favor of the exemption.

*Id.* 78 P.2d at 701 (citations omitted). The anti-assignment provision is directly related to and reinforces the exemption protection and should be similarly construed to resolve any doubt about the application of the anti-assignment provision to judgments on awards in favor of anti-assignment.

 Lastly, we consider attorney Gaunce's constitutional challenge that the anti-assignment provision deprives claimants of property rights without notice or due process. In rejecting this argument, we first note that rights under the Workers' Compensation Act are *entirely* legislatively created and, as such, may be reasonably conditioned or restricted in ways that promote the purposes of the act. The Oklahoma Supreme Court adopted Justice Cardozo's simple declaration of the purpose in protecting workers' compensation benefits from creditors and forbidding claimants from surrendering such protection: " 'Rehabilitation of the man, not payment of his ancient debts, is the theme of the statute, and its animating motive.' " *In re Allen's Guardianship*, 78 P.2d at 703, (quoting *Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315 (1928)). The anti-assignment provision, like the exemption and its anti-waiver provision, promotes the legitimate purposes of the act and are reasonable restrictions on the legislatively created rights. Additionally,

statutory provisions prohibiting the assignment of claims have been consistently upheld as a valid exercise of the police power of the state. *See* 82 Am.Jur.2d *Workmen's Compensation* § 9 (1992); *see generally,* Annotation, *Constitutionality of prohibition of assignment or release of claim under Workmen's Compensation Acts,* 47 A.L.R. 799 (1927). Applying section 48 to prohibit assignment of a Special Indemnity Fund award/judgment does not offend any state or federal constitutional standard.

In conclusion, we hold that the anti-assignment provision of 85 O.S.1991 § 48 applies to awards from the Special Indemnity Fund and extends to judgments on such awards, and such a restriction on assignment of workers' compensation benefits, awards or judgments is a reasonable restriction on a legislatively created right and a valid exercise of police power. Accordingly, we affirm the summary judgment of the trial court refusing to enforce the assignment of the Special Indemnity Fund award in the instant case.[1]

BOUDREAU, P.J., and RAPP, J., concur.

---

1. Even if the assignment to attorney Gaunce were considered a "power of attorney" for the receipt and payment of the award to him, the Department of Human Services had a superior

claim to the award and a lien that would take priority over attorney Gaunce's unsecured right to be paid under the "power of attorney."