2003 OK CIV APP 18

**ROSE GROUP, L.L.C., an Oklahoma Limited Liability Company, Plaintiff/Appellant,**

v.

**Brian R. MILLER, individually; Julie Miller, individually; Taurcanus Oil & Gas Corp., an Oklahoma Corporation; Belisarius, Ltd., an Oklahoma Corporation; Dennis Blakemore, individually; Lakeland Petroleum Corporation, an Oklahoma Corporation; Business Accounting Systems, Inc., an Oklahoma Corporation; and, Main Street, Inc., an Oklahoma Corporation, Defendants/Appellees.**

**No. 98,381.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 24, 2003.

Clifford A. Wright, Brian L. Peterson, Oklahoma City, OK, for Plaintiff/Appellant.

Brian R. Miller, Grove, OK, Pro se.

Steven M. Harris, Douglas R. Haughey, Doyle, Harris, Davis & Haughey, Tulsa, OK, for Defendants/Appellees, Julie Miller, Belisarius, Taurcanus Oil & Gas and Business Accounting Systems.

Stratton Taylor, Bradley H. Mallett, Taylor, Burrage, Foster, Mallett, Downs & Ramsey, Claremore, OK, for Defendants/Appellees, Dennis Blakemore, Lakeland Petroleum, and Mainstreet.

Opinion by CAROL M. HANSEN, Judge:

¶ 1 Plaintiff/Appellant, Rose Group, L.L.C. (Assignee), assignee of a tort judgment, sued Defendants/Appellees, the judgment debtor, and his alleged insiders and affiliates (collectively Debtor), to recover for fraud, fraudulent conveyances, conspiracy to commit fraud, and constructive trust arising from the judgment creditor's attempts to collect the judgment. Debtor moved to dismiss the petition on the ground Assignee's claims did not arise out of contract and therefore were not assignable pursuant to 12 O.S.1991 § 2017(D).[1] The trial court granted the motion to dismiss and Assignee seeks review of that order. We affirm to the extent the trial court dismissed Assignee's tort claims for fraud, conspiracy to commit fraud, and constructive trust because those claims are not assignable. We reverse to the extent the trial court dismissed Assignee's fraudulent conveyance claim because the original tort judgment was an assignable debt, and when Assignee acquired the judgment by assignment, Assignee became a creditor entitled to statutory creditors' remedies in its own right. We remand for further proceedings consistent with this opinion.

---

1. 12 O.S.1991 § 2017(D) provides,
   ASSIGNMENT AND SUBROGATION OF CLAIMS. The assignment of claims not arising out of contract is prohibited. However, nothing in this section shall be construed to affect the law in this state as relates to the transfer of claims through subrogation.

¶ 2 Assignee alleged the original judgment, based on a jury verdict for common law fraud, breach of fiduciary duty, and other claims, was entered against judgment debtor Brian R. Miller on April 2, 1993. It was in the amount of $355,803.21 plus post-judgment interest for plaintiffs Mike and Michele Ireland, $101,444.39 plus post-judgment interest for plaintiff The Ireland Company, and $270,510.14 plus post-judgment interest for plaintiff Shamrock Drilling Fluids, Inc. Assignee alleged that during the judgment creditors' attempts to collect the judgments, Miller and others engaged in a series of transactions and misrepresentations to protect and conceal Miller's assets and to hinder, delay, and defraud the Irelands. Assignee said it acquired all three judgments on December 6, 2001, by assignment.

¶ 3 Assignee asserted causes of action against Debtor for fraud, fraudulent conveyances, conspiracy, and constructive trust. In his motion to dismiss, Debtor argued these causes of action do not arise out of contract and therefore pursuant to 12 O.S.1991 § 2017(D), the Irelands could not assign those claims to Assignee. In response, Assignee argued (1) the original tort claim, once it was reduced to judgment, was assignable, (2) its claims are assignable because they survive the victim and arise out of contract between Miller and the insiders and affiliates, (3) the purpose of requiring that actions be prosecuted by the real party in interest is to protect the defendant from being sued by another upon the same demand, and that purpose has been satisfied here, (4) it may join its claims and remedies in the same action pursuant to 12 O.S.1991 § 2018(B), and (5) it is entitled to pursue creditors' remedies provided by 24 O.S.1991 § 119 and 12 O.S.1991 § 850. The trial court granted the motion to dismiss without specifying its reasoning.

¶ 4 Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable. *Kansas City M. & O. Ry. Co. v. Shutt,* 1909 OK 110, 24 Okla. 96, 104 P. 51, 53. However, the common law prohibition on assignment applied only to tort claims *before judgment.*[2] The statute does not in any way modify the common law allowance of assignment of civil judgments.[3] Once a claim is reduced to judgment, it is an assignable property right. Therefore, the Irelands' assignment of their judgment to Assignee was valid.

¶ 5 The Irelands' claims arising from Debtor's conduct after the judgment do not arise out of contract and are not assignable. 12 O.S.1991 § 2017(D). Therefore, Assignee acquired no right of action against Debtor by virtue of the assignment. However, when Assignee acquired the judgment by assignment, it became a creditor entitled to statutory creditors' remedies in its own right. It is entitled to pursue in its own name such remedies as those provided by the Uniform Fraudulent Transfer Act, 24 O.S.1991 § 112 et seq., and by 12 O.S.1991 § 850.

¶ 6 For the foregoing reasons, we AFFIRM to the extent the trial court dismissed Assignee's tort claims for fraud, conspiracy to commit fraud, and constructive trust, and REVERSE to the extent the trial court dismissed Assignee's fraudulent conveyance claim. We REMAND for further proceedings consistent with this opinion.

JONES, J., and MITCHELL, P.J., concur.

---

2. Eg., *Gamble v. Central R. & Banking Co.,* 80 Ga. 595, 7 S.E. 315, (1888) ("A judgment recovered in an action for a tort is not assignable before it comes into being."), and *Hunt v. Conrad,* 47 Minn. 557, 50 N.W. 614 (1891) ("A right to recover damages for a personal tort (false imprisonment) is a mere personal right, and not assignable even after verdict, but before judgment."). See also *Portillo v. Farmers Ins. Exchange,* 238 Cal.App.2d 58, 47 Cal.Rptr. 450, 453 (1965) ("A cause of action for a tort is not assignable, but 'such a claim, when merged in a judgment, becomes a debt and may be assigned.' ").

3. The Oklahoma Legislature has modified this rule as to workers' compensation claims by prohibiting assignment of claims *and benefits.* 85 O.S.Supp.1994 § 48, and *Gaunce v. State ex rel. Dept. of Human Services,* 1994 OK CIV APP 98, 885 P.2d 688.