**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TRINITY MORTGAGE
COMPANIES, INC.,

        Plaintiff-Appellant,

v.

DAVID DRYER; DRYER AND
ASSOCIATES, P.C.,

        Defendants-Appellees.

No. 11-5007
(D.C. No. 4:09-CV-00551-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

Trinity Mortgage Companies, Inc. (Trinity) appeals the district court's

order granting summary judgment in favor of David Dryer and Dryer and

Associates, P.C. (collectively Dryer) in this tort and breach of contract action.

Our jurisdiction derives from 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Trinity, formerly a Missouri mortgage brokerage company owned by Shawn Cremeen, entered into a franchise agreement with Tulsa-based 1st Class Lending, Inc., which was owned by Dennis Junker and Richard Gheisar. In April 2007, Junker, represented by Stephen J. Capron, sued Gheisar, 1st Class Lending, and Trinity in Oklahoma state court for breach of contract, fraud, defamation, and conversion, all concerning his alleged wrongful termination. Between May 2007 and April 2008, Dryer represented Trinity, without a written contract.

In October 2007, while the lawsuit was pending, Trinity entered into an agreement to sell most of its assets to Community Capital Mortgage Company and to stop originating loans. Meanwhile, after Trinity failed to file an answer in the pending lawsuit, Junker moved for a default judgment against Trinity. Because Dryer failed to object to entry of default judgment against Trinity, the state court granted the motion against Trinity in the amount of $71,350 in January 2008. Also, in January 2008, Trinity ceased all business operations.

In April 2008, the law firm of Robinett and Murphy replaced Dryer as Trinity's counsel. Robinett and Murphy unsuccessfully sought to vacate the default judgment against Trinity. Trinity was administratively dissolved on May 16, 2008. On June 24, 2008, the journal entry of judgment against Trinity was entered. Trinity closed its last bank account on September 30, 2008.

Robinett and Murphy withdrew as Trinity's counsel in October 2008. Later that month, Cremeen, Capron, and Junker entered into a settlement agreement concerning the lawsuit. Under the terms of the agreement, Trinity assigned a 50% interest in its stock to Junker, yet gave Junker authority to vote only on matters concerning litigation against Dryer. The settlement agreement gave Junker sole decision-making authority concerning that litigation, including the choice of counsel. Cremeen retained all other corporate decision-making authority, and Junker did not assume any liability for any actions taken by Trinity. Additionally, Trinity confessed a final judgment in favor of Junker in the amount of $150,000. But Junker agreed that the only recovery of this amount would be through his ownership interest in Trinity, which was the action against Dryer, and if Trinity developed income other than through the lawsuit against Dryer, Junker would not share in that income. The parties filed an Agreed Judgment with the state court, which the court entered on July 7, 2009.

In August 2009, Trinity, represented by Capron, brought this federal action against Dryer, alleging legal malpractice, fraud, breach of fiduciary duty, and breach of contract. The claims are based on Dryer's alleged failure to follow the Rules of Professional Conduct when representing Trinity.

Trinity moved for partial summary judgment on its malpractice and breach of contract claims. Dryer moved for summary judgment, contending that all claims were barred as a matter of law because Trinity unlawfully assigned them to

Junker. In response, Trinity argued that there had not been an assignment of tort causes of action; the assignment did not trigger public policy concerns; there was never any collusion between Trinity and Junker; the malpractice case was not contingent upon disproving the merits of the underlying suit against Trinity; malpractice by Dryer was completed long before Trinity, Junker, and Capron entered into the settlement agreement; and the breach of contract claim was based on the breach of an agreement to act in accordance with the Rules of Professional Conduct and not to enforce the Rules.

The district court granted Dryer's motion for summary judgment and denied Trinity's motion for partial summary judgment. This appeal followed.

STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, applying the same legal standard applied by the district court. *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

ANALYSIS

A

Trinity first argues that the district court erred in determining based on Okla. Stat. tit. 12, § 2017(D) that it could not properly assign its tort claims to Junker. Section 2017(D) provides that "[t]he assignment of claims not arising out

of contract is prohibited." *See generally Rose Grp., L.L.C. v. Miller*, 64 P.3d 573, 575 (Okla. Civ. App. 2003) (citing *Kan. City, M. & O. Ry. v. Shutt*, 104 P. 51, 53 (1909), for proposition that § 2017(D) "embodies the common law rule that a chose in action arising out of a pure tort is not assignable"). The district court determined that although there was no actual transfer of Trinity's tort claims to Junker, the settlement agreement in fact transferred the claims in violation of § 2017(D). The court noted that Trinity gave Junker a 50% ownership interest in Trinity solely to permit Junker to have decision-making authority concerning this lawsuit, Junker was precluded from making any other corporate decisions concerning Trinity, Junker's ownership interest did not require him to assume any of Trinity's liabilities, Junker would have control over the proceeds from this lawsuit, and Junker may not share in any other income developed by Trinity. Thus, the court determined that the settlement agreement gave Junker an ownership interest for the specific and sole purpose of permitting him to litigate Trinity's claims against Dryer and to receive the proceeds from that lawsuit.

Although recognizing that there is no case law discussing an assignment under § 2017(D), the court nonetheless determined that the section applies because Trinity's rights effectively were assigned to Junker. *See United States v. DeGasso*, 369 F.3d 1139, 1145 (10th Cir. 2004) (requiring federal court to predict how state supreme court would interpret statutory provision where there is no controlling state-court decision). The court found that without this settlement

-5-

agreement Junker was not likely to recover anything from Trinity and therefore the assignment was unlawful under § 2017(D). In addition to the legislative prohibition, the court decided that the assignment of a legal malpractice claim to a former adversary was contrary to public policy.

Trinity concedes that pure torts cannot be assigned, but contends that § 2017(D) does not preclude a de facto assignment. Further, Trinity argues that it has always held and controlled the claims.

We agree with the district court that Trinity in fact did improperly assign tort claims. Malpractice, fraud, and breach of fiduciary duty are all tort claims. *See Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 174 (Okla. 2008) (recognizing that breach of fiduciary duty is tort); *Stephens v. Gen. Motors Corp.*, 905 P.2d 797, 798 (Okla. 1995) ("An action for legal malpractice is an action for tort . . . ."); *Cooper v Parker-Hughey*, 894 P.2d 1096, 1100 (Okla. 1995) (stating that fraud is tort claim). The settlement agreement assigned these tort claims by giving Junker decision-making authority concerning this litigation, precluding Junker from making decisions for Trinity apart from this lawsuit, sheltering Junker from any of Trinity's liabilities, limiting Junker to money received from this lawsuit, prohibiting Junker from sharing in any other income of Trinity, and allowing Junker to collect on his judgment against Trinity only through this lawsuit. Thus, we agree with the district court that the settlement agreement gave

-6-

Junker an ownership interest only to litigate Trinity's claims against Dryer. This assignment therefore was precluded by § 2017(D).

With respect to the district court's alternative holding, Trinity argues that the assignment was not contrary to public policy. Because we agree with the district court's determination that § 2017(D) prohibited the assignment of the tort claims, we need not address policy arguments.

B

Next, Trinity argues that the district court erred in granting summary judgment on the breach of contract claim. The district court decided that this claim was based on alleged violations of the Oklahoma Rules of Professional Conduct and was therefore barred as a matter of law. *See* Okla. Stat. tit. 5, ch. 1, app. 3-A, Scope ("Violation of a Rule should not give rise to a cause of action nor should it create presumption that a legal duty has been breached."). Further, because the breach of contract claim actually sounded in tort, the court determined it was barred for the reasons set forth for rejecting the assignment of the tort claims.

We agree that the breach of contract claim sounded in tort. Trinity alleged only that Dryer breached the obligation to provide a general standard of care. *See FDIC v. Grant*, 8 F. Supp. 2d 1275, 1295-96 (N.D. Okla. 1998) (discussing whether claim against professional was tort claim or contract claim). Trinity and Dryer did not have a written contract, and Trinity failed to allege any breach of an

oral contract other than Dryer's alleged failure to follow the Rules of Professional Responsibility. Thus, we conclude that the district court correctly decided that the breach of contract claim was also barred.

C

Trinity argues that the district court should have granted partial summary judgment in its favor. This argument necessarily fails in light of our conclusion that the district court properly granted Dryer's motion for summary judgment.

D

Finally, Trinity argues that (1) Oklahoma permits the assignment of tort claims seeking economic damages from a contractual relationship; (2) summary judgment is not the remedy for an improper assignment, because the proper remedy is dismissal without prejudice; (3) a public policy argument does not apply to the fraud and breach of fiduciary duty claims; and (4) the district court's holding amounts to an unconstitutional special law concerning malpractice claims. Trinity fails to identify where in the record these claims were raised or decided by the district court. *See* 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). We conclude that these claims are newly raised on appeal, and we will not consider them. *See Koch v. City of Del City*, 660 F.3d 1228, 1237 n.4 (10th Cir. 2011) (declining to consider arguments first raised on appeal where no extraordinary circumstances warranted considering arguments);

*see also Tele-Comms., Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997)

("This rule is particularly apt when dealing with an appeal from a grant of

summary judgment, because the material facts are not in dispute and the trial

judge considers only opposing legal theories.").

CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge