2013 OK CIV APP 67

**UNITED ADJUSTMENT SERVICES, INC., Plaintiff/Appellant,**

v.

**PROFESSIONAL INSURORS AGENCY, LLC, Chubb Custom Insurance Company, and Clifford J. Miller, Defendants/Appellees.**

**No. 110,821.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 5, 2013.

---

Johnny G. Beech, Lester, Loving & Davies, P.C., Edmond, Oklahoma, for Plaintiff/Appellant.

R. Thompson Cooper, Molly E. Raynor, Pignato, Cooper, Kolker & Roberson, P.C., Oklahoma City, Oklahoma, for Defendants/Appellees Professional Insurors Agency, LLC, and Clifford J. Miller.

John H. Tucker, Kerry R. Lewis, Lindsay J. McDowell, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Defendant/Appellee Chubb Custom Insurance Company.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff United Adjustment Services, Inc., appeals from a trial court order granting summary judgment in favor of Defendant Chubb Custom Insurance Company and from a trial court order granting in part the motion for summary judgment of Defendants Professional Insurors Agency, LLC, and Clifford Miller. After review of the record on appeal, we affirm the trial court's orders.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 According to the petition, United is a public adjusting company retained by Madison Village Apartments, LLC, to represent it in adjusting fire losses suffered by some units in its apartment complex. Madison had a commercial property policy with Chubb, and Terry Lee Watkins was an adjuster for "Chubb at all times relevant to this action." According to their motion for summary judgment, Professional Insurors Agency, LLC (Agency), "is a local independent insurance agency" and Clifford J. Miller "is one of the producers at the agency." Madison purchased the Chubb insurance coverage through this agency.

¶ 3 According to Chubb's motion for summary judgment, Madison notified Chubb of the fire losses that occurred in February and March of 2004. After Chubb "made an initial

payment to Madison in May of 2004, Madison entered into three identical written public adjusting service agreements" with United, who aided in preparing claims for property damage pursuant to the Chubb policy. United "also hired, apparently without Madison's knowledge or consent, an architectural firm and an attorney." In 2005, Madison settled its fire loss claims with Chubb without the help of United, and Chubb issued two checks to Madison " 'IN SETTLEMENT OF' the losses."

¶ 4 On June 16, 2005, Madison commenced an action against Watkins in Oklahoma County, Case Number CJ–2005–4730, for "negligence, lack of fair dealing with the insured and bad faith dealing with the insured" for refusing to pay the invoices from the architectural firm hired by United. According to the petition in this lawsuit, Watkins "is responsible for adjustment of the claim and securing payment from the insurer of bills associated with the loss adjustment such as the subject invoices." On December 5, 2005, a default judgment was entered against Watkins. Madison assigned the judgment against Watkins to United Risk Managers of Oklahoma, L.L.C.

¶ 5 According to Watkins, he did not learn about the lawsuit and the default judgment against him until he "was served with a 'Post-judgment General Garnishment Summons.' " In a separate action filed in Oklahoma County, Case No. CJ–2009–5274, Watkins sought to enjoin enforcement of and to vacate the default judgment. After CJ–2005–4730 and CJ–2009–5274 were consolidated, the trial court vacated the default judgment for improper service and enjoined its enforcement.

¶ 6 In another lawsuit filed in Oklahoma County, Case Number CJ–2006–6424 (fee lawsuit), United brought an action against Madison for breaching the public adjusting service agreements. In this action, United claimed Madison "settled its claim with" Chubb and "then refused to pay the invoices of [United] and the professional entities hired by [United] with the consent of [Madison] to provide services on its behalf and which services [Madison] had agreed to pay." United demanded payment for these invoices. United- ed later settled its lawsuit with Madison and dismissed its action against Madison. According to the petition in the present case, the lawsuit "between Madison and United concluded with Madison assigning its claims for bad faith claims handling and violation of good faith and fair dealing to United."

¶ 7 United filed the present lawsuit against Agency, Miller, and Chubb alleging in part as follows:

During a suit for United's fee against Madison [fee lawsuit], United discovered documents that revealed Watkins had repeatedly lied as to his valuation of the property. United discovered that Watkins had determined the ACV value for each loss, despite his repeated claims that he had not done so. Watkins had suppressed the real estimates and had false estimates prepared and submitted to United. The documents also revealed that Watkins was intentionally undermining United and stated that the "claim would be settled at this point if PA was not involved", a direct reference[ ] to United as the public adjuster for Madison.

¶ 8 United also contends that Agency and Miller interfered with its business relations with McSha Properties, Inc., of Norman, Oklahoma. United claims that

Miller advised McSha's principals that doing business with United would cause it to become uninsurable, cause its insurance rates to go up and cause it to have its insurance cancelled. United had its corporate counsel [ ] send a letter to Miller and [Agency] advising them to cease and desist further interference with United's clients. Miller and [Agency] continued its interference with Madison. United received no further work from McSha after the Madison matter. The principal for McSha cited Miller as the reason it cancelled its business.

United then brought the present lawsuit against Miller and Agency for interference with contract and against Miller, Agency, and Chubb for bad faith. All three Defendants filed answers denying these allegations.

¶ 9 Chubb filed a motion for summary judgment arguing United's "claims are barred as a matter of law because the statute

of limitations period has long expired and because the assignment of the bad faith claim is invalid."

¶ 10 In response to Chubb's motion for summary judgment, United argues its "bad faith claim is governed by the discovery rule . . . and contends its cause of action accrued in August 2009, when it was provided documents proving that Chubb had provided false estimates." It also argues that "the assignment of a bad faith claim by Madison is valid and effective" and is therefore not precluded by Oklahoma law.

¶ 11 The trial court granted Chubb's motion for summary judgment finding as follows:

> A claim that an insurer did not negotiate with its insured in good faith and fair dealing is a tort under Oklahoma law, the tort of bad faith. A bad faith tort claim cannot be assigned under Oklahoma law. Secondly, the statute of limitations on [United's] cause of action of bad faith has run; therefore, [United's] cause of action is barred by the statute of limitations. The two-year statute of limitations had expired no later than March 17, 2009. [United] filed its claim on April 1, 2011.

¶ 12 After the trial court's ruling on Chubb's motion for summary judgment, Agency and Miller filed a motion for summary judgment arguing judgment should be entered in their favor because:

> (1) this court has already determined that [United's] bad faith claim against Chubb is time barred as a matter of law, (2) this court further determined [United's] bad faith claim against Chubb is invalid because the tort of bad faith cannot be assigned under the facts of this case, (3) [United] cannot assert a valid claim against the agency for "bad faith," . . . given that the tort of bad faith is reserved for disputes between the insured and the insurer, and (4) [United's] tortious interference with a contract claim against [Agency and Miller] is also time barred as a matter of law.

¶ 13 As to the statute of limitations and bad faith claim arguments, United's response was identical to its response to Chubb's mo-

tion for summary judgment. United additionally argued its interference with contract claims are not time-barred.

¶ 14 The trial court granted in part and denied in part Agency's and Miller's motion for summary judgment. The trial court adopted "its prior ruling concerning the assignment of a bad faith tort claim and the running of the statute of limitations on said claim as found in the Order filed on December 13, 2011." It further found that "[a]s to the tort of bad faith, [United] cannot assert this against [Agency and Miller] as they were not parties to the insurance contract." The trial court further found that as to United's "attempt to characterize the bad faith claim as fraud, the same statute of limitations ruling would apply" as stated in the December 2011 order. As to the tortious interference claim, the trial court stated it could not rule on this issue because it was lacking factual information as to when the tortious interference occurred. Thus, it denied Agency's and Miller's motion for summary judgment on this issue.

¶ 15 Pursuant to 12 O.S.2011 § 994(A), the trial court subsequently entered an order determining there was no just reason for delay and that the orders of December 13, 2011, and January 3, 2012, should be appealable as final orders.

¶ 16 United appeals.

## STANDARD OF REVIEW

¶ 17 Title 12, Section 2056(C) on motions for summary judgment provides, "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S.2011 § 2056(C). Because summary judgment resolves issues of law, we review a district court's grant of summary judgment *de novo*. *U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005-4 v. Alexander*, 2012 OK 43, ¶ 13, 280 P.3d 936, 939. "All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the

party opposing the summary judgment." *Id.* "Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions." *Id.*

## ANALYSIS

### I. Chubb's Motion for Summary Judgment

¶ 18 Chubb argues its motion for summary judgment disposes of the claims against it on any one of the three following grounds: (1) that the assignment of a bad faith tort claim was not a valid assignment pursuant to Oklahoma law, (2) "the statute of limitations has expired on any potential claim," and (3) "this claim and all claims were settled before any assignment was attempted to the current Plaintiff."

¶ 19 We will first address whether the assignment of a bad faith claim to United is valid pursuant to Oklahoma law. The Oklahoma Supreme Court has held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort." *Christian v. American Home Assurance Co.,* 1977 OK 141, ¶ 25, 577 P.2d 899, 904. When there is a clear showing that the insurance company unreasonably and in bad faith withheld payment of the claim of its insured, then tort liability for breach of that duty may be imposed. *Id.* at ¶ 26, 577 P.2d at 905.

¶ 20 Section 2017(D) of Title 12 prohibits the assignment of claims not arising from contract. 12 O.S.2011 § 2017(D). Because a bad faith claim sounds in tort under Oklahoma law, this is such a case. "We conclude that an action growing out of a tort pure and simple, like the one involved in this case ... is not assignable." *Kansas City M. & O. Ry. Co. v. Shutt,* 1909 OK 110, ¶ 5, 24 Okla. 96, 104 P. 51, 53. We find persuasive and agree with the holding in *Rose Group, L.L.C. v. Miller,* 2003 OK CIV APP 18, ¶ 4, 64 P.3d 573, 575:

This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable. *Kansas City M. & O. Ry. Co. v. Shutt,* 1909 OK 110, 104 P. 51, 53, 24 Okla. 96. However, the common law prohibition on assignment applied only to tort claims *before judgment.* The statute does not in any way modify the common law allowance of assignment of civil judgments. Once a claim is reduced to judgment, it is an assignable property right.

(Footnotes omitted). The Oklahoma Supreme Court in *Fidelity & Casualty Company of New York v. Southall,* 1967 OK 235, 435 P.2d 119, quoted the following passage from "'7 Am.Jur.2d, 'Automobile Insurance', § 159":

"[I]t has been held ... that a garnishment proceeding by judgment creditors of the insured *will not lie* against the insurer on the ground that *it was negligent or acted in bad faith in failing to settle the claims against the insured* for the reasons that *the insured's cause of action sounds in tort* and is therefore *an unliquidated tort claim* and that it is *not a chose in action subject to garnishment.*"

*Id.* at ¶ 9, 435 P.2d at 122. Quoting a Colorado case, the Supreme Court further found:

"If in fact it (Aetna) were negligent and acted in bad faith as to the Kornbluths, as asserted, such has not yet been determined."

"Should they desire so to complain, it will, perforce, have to be in a tort action not subject to garnishment proceedings, unless and until reduced to judgment."

*Id.* (quoting *Steen v. Aetna Cas. & Sur. Co.,* 157 Colo. 99, 401 P.2d 254, 255 (1965)). Because there is no evidence in the record before us that the bad faith claim has been reduced to judgment, the claim is not assignable under Oklahoma law. We further conclude that because this issue disposes of the claim against Chubb, we decline to address the remaining issues. The trial court's order granting Chubb's motion for summary judgment is affirmed.

### II. Clifford Miller's and Professional Insurors Agency, LLC's Motion for Summary Judgment

¶ 21 We likewise agree with the trial court's decision granting Miller's and Agency's motion for summary judgment on

the bad faith claim. As stated above, Agency "is a local independent insurance agency" and Miller "is one of the producers at the agency." Madison purchased the Chubb insurance coverage through this agency. Oklahoma law clearly provides that an insured cannot bring a bad faith claim against an insurance agency or its agent because they are not parties to the insurance contract. *See Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, ¶ 17, 653 P.2d 907, 912–13 (rejecting an attempt to hold an agent liable for breach of the duty of good faith and fair dealing who was not a party to the contract between insurer and insured); *see also Guideone America Ins. Co., Inc. v. Shore Ins. Agency, Inc.*, 2011 OK CIV APP 69, ¶¶ 24, 27, 259 P.3d 864, 870–71 (rejecting an attempt to hold an independent insurance agency liable for a violation of the duty of good faith and fair dealing). If Oklahoma law precludes an insured from bringing such a claim, common sense dictates a purported assignee standing in the shoes of an insured cannot either. We further conclude that because this issue disposes of the bad faith claim against Miller and Agency, we decline to address the remaining issues regarding this claim. We affirm the trial court's decision granting summary judgment on this issue.

### CONCLUSION

¶ 22 We have reviewed the record *de novo* and conclude that the trial court correctly granted summary judgment.

¶ 23 **AFFIRMED.**

BARNES, V.C.J., and FISCHER, P.J., concur.